UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| POWDER RIVER BASIN RESOURCE COUNCIL, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR and U.S. BUREAU OF LAND MANAGEMENT,<br><br>    Defendants,<br><br>and<br><br>STATE OF WYOMING, et al.,<br><br>    Defendants-Intervenors. | No. 1:22-cv-02696-TSC |

### DEFENDANTS–INTERVENORS' MOTION FOR EVIDENTIARY HEARING

Continental Resources, Inc. and Devon Energy Production Company, L.P. (collectively, "**Companies**") hereby move for an evidentiary hearing on Plaintiffs' Motion for Preliminary Injunction (ECF No. 64).

The Companies are mindful that the Court has determined not to hold an evidentiary hearing. However, the Companies' proposal for an evidentiary hearing came to the Court's attention through the Joint Report Regarding Hearing Dates ("**Joint Report**") (ECF No. 95)—not in the form of a motion.

To preserve their request and avoid any claim of waiver if this matter were to be appealed, the Companies respectfully present the request in the form of a motion so that the Court may

formally grant or deny it. The Companies further attach a proposed Order granting the motion and, for the Court's convenience, a proposed Order denying the motion.

## CERTIFICATE OF CONFERENCE (LOCAL RULE 7(m))

I hereby certify that on June 15, 2023, counsel for the Companies e-mailed counsel for plaintiffs, defendants, and intervenor-defendants to request their respective clients' positions on this motion. On June 15, 2023, the State of Wyoming confirmed via e-mail that it takes no position on the motion. On June 21, 2023, Plaintiffs confirmed via e-mail that they are opposed to the motion and intend to submit a short response. Also on June 21, 2023, Federal Defendants, Anschutz Exploration Corporation ("AEC"), and Petroleum Association of Wyoming ("PAW") confirmed via e-mail that they take no position on the motion.

## STATEMENT OF POINTS AND AUTHORITIES

As directed by the Court (ECF No. 64), the parties submitted the Joint Report (ECF No. 95), which is incorporated herein by reference. In the Joint Report, the Companies proposed an evidentiary hearing to resolve certain disputed material facts. *See* Joint Report at 3-4.

There is a "strong preference for using oral evidence to resolve disputes" with respect to preliminary injunctions, which is "particularly appropriate when one of the parties wishes to present witnesses." 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2949 (3d ed.); *see Cobell v. Norton*, 391 F.3d 251, 261-62 (D.C. Cir. 1984) (vacating injunction because district court declined to hold an evidentiary hearing when the Government raised factual disputes in its opposition); *Murray v. Kunzig*, 462 F.2d 871, 879 (D.C. Cir. 1972) ("[T]he decision of factual issues on a motion for preliminary injunction simply by consideration of conflicting affidavits is widely disapproved."), *decision rev'd on other grounds*, 415 U.S. 61 (1974). That is,

"if there are genuine issues of material fact raised in opposition to a motion for preliminary injunction, an evidentiary hearing is required."[1] *Cobell*, 391 F.3d at 261 (emphasis added); *see Univ. Legal Serv., Inc. v. St. Elizabeths Hosp.*, No. Civ. 105CV00585TFH, 2005 WL 3275915, at *7 (D.D.C. July 22, 2005) (denying preliminary injunction because there were disputed material facts related to irreparable harm and the plaintiffs did not request an evidentiary hearing).

Plaintiffs argue that an evidentiary hearing is not required because the court need not make credibility determination to resolve key factual disputes. *See* Joint Report at 2. However, even if this were true—and it is not—an evidentiary hearing is required "[p]articularly when a court must make credibility determinations," not <u>exclusively</u> when a court must make credibility determinations. *See Cobell*, 391 F.3d at 261 ("*Particularly* when a court must make credibility determinations to resolve key factual disputes in favor of the moving party, it is an abuse of discretion for the court to settle the question on the basis of documents alone, without an evidentiary hearing." (emphasis added)).

## CONCLUSION

For the foregoing reasons, this Court should hold an evidentiary hearing on Plaintiff's Motion for Preliminary Injunction.

---

[1] It is an abuse of discretion to resolve key factual disputes "on the basis of documents alone, without an evidentiary hearing." *See Cobell*, 391 F.3d at 261 (district court abused its discretion by not holding evidentiary hearing); *M3 USA Corp. v. Qamoum*, No. CV 20-2903 (RDM), 2021 WL 2324753, at *8 (D.D.C. June 7, 2021) (noting that it is abuse of discretion to not hold evidentiary hearing when resolving key factual disputes in a motion for preliminary injunction).

3

Respectfully submitted this 21st day of June, 2023.

/s/ L. Poe Leggette
L. Poe Leggette (D.C. Bar No. 430136)
Elizabeth A. Pursley (*Application Submitted to D.D.C. Bar Pending December Admission Date*)
Bailey A. Bridges (D.C. Bar No. TX0059)
Aidan K. Slavin (D.C. Bar No. TX0061)
Baker & Hostetler LLP
811 Main St., Suite 1100
Houston, Texas 77002
Telephone: 303.861.0600
Facsimile: 303.861.7805
pleggette@bakerlaw.com
epursley@bakerlaw.com
bbridges@bakerlaw.com
aslavin@bakerlaw.com

Alexander K. Obrecht (CO. Bar No. 46937)
Baker & Hostetler LLP
1801 California Street, Suite 4400
Denver, Colorado 80202-2662
Telephone: 303.861.0600
Facsimile: 303.861.7805
aobrecht@bakerlaw.com

*Attorneys for Defendant-Intervenors Continental Resources, Inc. and Devon Energy Production Company, L.P.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of June, 2023, I served a true and correct copy of the foregoing **DEFENDANTS-INTERVENORS' MOTION FOR EVIDENTIARY HEARING** via the Court's electronic case filing system which will cause the foregoing to be served upon all counsel of record.

*/s/ L. Poe Leggette*
L. Poe Leggette

4895-7426-0586.2