IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWDER RIVER BASIN RESOURCE COUNCIL, et al.,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, et al.,<br><br>　　Defendants<br><br>　　and<br><br>STATE OF WYOMING, et al.,<br><br>　　Defendant-Intervenors. | Case No. 1:22-cv-2696-TSC |

**<u>DEFENDANT-INTERVENORS' JOINT OPPOSITION TO PLAINTIFFS' MOTION TO CONSIDER EXTRA-RECORD EVIDENCE</u>**

4872-4548-0826.2

## TABLE OF CONTENTS

Page(s)

ARGUMENT ................................................................................................................................. 2

CONCLUSION .............................................................................................................................. 5

## TABLE OF AUTHORITIES

**Cases**

*Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*,
    467 U.S. 837 (1984) ................................................................................................................. 2

*Coal. For Responsible Mammoth Dev.*,
    187 IBLA 141 (2016) ............................................................................................................... 4

*Doe v. Securities and Exchange Comm'n*,
    28 F.4th 1306 (D.C. Cir. 2022) ................................................................................................ 3

*Encino Motorcars, LLC v. Navarro*,
    579 U.S. 211 (2016) ........................................................................................................ 1, 2, 3

*Independent Petroleum Ass'n of America v. Babbitt*,
    92 F.3d 1248 (D.C. Cir. 1996) ................................................................................................. 3

*Kisor v. Wilkie*,
    139 S. Ct. 2400 (2019) ............................................................................................................. 3

*Music Choice v. Copyright Royalty Board*,
    970 F.3d 418 (D.C. Cir. 2020) ................................................................................................. 3

*Powder River Basin Res. Council*,
    183 IBLA 83 (2012) ................................................................................................................ 4

*Wyo. Outdoor Council*,
    176 IBLA 15 (2008) ................................................................................................................ 4

**Statutes**

Clean Air Act ................................................................................................................................. 4

Fair Labor Standards Act ............................................................................................................... 2

**Other Authorities**

43 C.F.R. § 4.1 ............................................................................................................................... 1

The Private Defendant-Intervenors—Continental Resources, Inc.; Devon Energy Production Company, L.P.; Petroleum Association of Wyoming; and Anschutz Exploration Corporation—and Defendant-Intervenor the State of Wyoming (collectively "Intervenors") respectfully submit this response in opposition to Plaintiffs' Motion to Consider Extra-Record Evidence (July 28, 2023), ECF No. 100 ("Pl. Mot." or "Motion").  Plaintiffs seek to add five documents in support of one of their legal arguments: that the Converse County Oil and Gas Project Record of Decision ("ROD") arbitrarily deferred to air quality regulations enforced by the State of Wyoming, instead of imposing Bureau of Land Management ("BLM") emissions restrictions case by case.  Plaintiffs urge that these five documents show BLM has imposed its own emissions restrictions on federal lessees.  Accordingly, they assert, the Department had a duty to explain why it was departing from that practice when approving the ROD here.[1]  Plaintiffs base their argument on *Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 221-22 (2016).

As a matter of law, the five documents will not support Plaintiffs' arguments, and so should not be introduced into the Court's record.  Each of these decisions was issued by a manager of a BLM field office, each at the lowest level of decision-making within the Department's administration of the public lands.  Each document is inconsistent with the interpretation of the Interior Board of Land Appeals ("IBLA" or "the Board") that the States and the Environmental Protection Agency, not the BLM, have the authority to regulate emissions of air pollutants.

IBLA has the authority to speak for the Secretary in appeals, and its positions are "final" and bind the Department.  43 C.F.R. §§ 4.1 (IBLA may "decide those matters as fully and finally as might the Secretary") & 4.1(b)(2) ("Board decides finally for the Department appeals to the

---

[1] Plaintiffs' Memorandum of Points and Authorities in Support of Motion to Consider Extra-Record Evidence 1 (July 28, 2023), ECF No. 100-1 ("Pl. Memo.").

4872-4548-0826.2

head of the Department"). While other principal officers of the Department, appointed by the President with the Senate's consent, also have the power to bind, BLM field offices do not. Under Plaintiffs' theory, a federal employee's decision can evidence a position that the Secretary must explain away when she takes a different view. *Encino Motorcars* and similar precedents require more authoritative statements of interpretation before the duty to explain a "departure" arises.

## ARGUMENT

*Encino Motorcars* reversed an appeals court ruling that had given controlling weight to a 2011 Labor Department regulation that determined that automotive service advisors were eligible for overtime pay. 579 U.S. at 219. From 1970 until 1978, Labor had determined that service advisors were entitled to overtime under the Fair Labor Standards Act. In 1973, the Fifth Circuit rejected the 1970 interpretation, holding that service advisors should not be entitled to overtime pay. In 1978, Labor changed its position to follow that of the Fifth Circuit, determining in an Opinion Letter of the Administrator of the Wage and Hour Division[2] that advisors were exempt from the requirement for overtime pay. Eventually the Department proposed in 2008 to codify the 1978 interpretation in regulations. But in 2011, after 33 years of automotive industry reliance on the 1978 interpretation, Labor adopted a final rule reverting to the 1970 interpretation. Advisors brought suit against a dealer who had declined to pay overtime despite the 2011 regulation. The Ninth Circuit held for the advisors, deferring to the 2011 interpretation under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837 (1984). The Supreme Court disagreed. To the Court, the issue was whether Labor gave an adequate reason for its decision to abandon the old position. Where an agency changes an existing position, it must show reasons for the

---

[2] A Wage and Hour Division Administrator's Opinion Letter "is an official ruling or interpretation" of laws administered by that Division. *See* dol.gov/agencies/whd/opinion-letters/request/existing-guidance (last visited Aug. 19, 2023).

change. The explanation must cover "facts and circumstances that underlay or were engendered by the prior policy." 579 U.S. at 222. Here the explanation was scant and failed to address "decades of industry reliance on the department's prior policy." *Id.* That policy had been embodied in an official ruling, making it the "agency position."

But not just any statement by an agency employee is an "agency position." Within the Interior Department, "nothing in DOI's procedures vests authority in the Associate Director of MMS, or even the Director, to issue proclamations binding on the agency." *Independent Petroleum Ass'n of America v. Babbitt*, 92 F.3d 1248, 1256 (D.C. Cir. 1996) (finding that only a decision of an Assistant Secretary was final and subject to judicial review). Nor do Interior's procedures give that authority to the Director of the BLM, let alone to field office managers. When determining whether to defer to an agency's interpretation of a regulation, courts must first determine if the interpretation is "one actually made by the agency." *Kisor v. Wilkie*, 139 S. Ct. 2400, 2416 (2019). "In other words, it must be the agency's 'authoritative' or 'official position,' rather than any more ad hoc statement not reflecting the agency's views." *Id.* (citation omitted). *See also Doe v. Securities and Exchange Comm'n*, 28 F.4th 1306, 1314 (D.C. Cir. 2022) (interpretation must "emanate from those actors . . . understood to make authoritative policy" (citation omitted) (treating an SEC interpretation as authoritative because it was announced in a "Adopting Release" of regulations published in the Federal Register)); *Music Choice v. Copyright Royalty Board*, 970 F.3d 418, 429 (D.C. Cir. 2020) (change was from a prior position adopted and published in the Federal Register).

*Encino Motorcars* presented a circumstance where a regulated industry had relied for thirty-three years on an "official position" of the Labor Department. Approvals of drilling permits by BLM field office managers do not create official positions of the Interior Department. On the

3

issue of BLM's authority to regulate emissions of air pollutants, there have been only four authoritative statements by the Department. Three are from the IBLA, all concluding regulation of air emissions lay with the states, overseen by the Environmental Protection Agency under the Clean Air Act. *See Coal. For Responsible Mammoth Dev.*, 187 IBLA 141, 231 (2016) (BLM "does not itself enforce the requirements of the CAA and its State equivalent"); *Wyo. Outdoor Council*, 176 IBLA 15, 26 (2008) ("ensuring compliance with Federal and State air quality standards falls under the administrative jurisdiction of [the state], subject to EPA oversight"); *Powder River Basin Res. Council*, 183 IBLA 83, 95 (2012) (same). The fourth is the Secretary's decision in the ROD.

Plaintiffs' documents all post-date the binding interpretations set forth by the IBLA. Each document addresses very small projects approved by BLM managers in the Colorado River Valley, Moab, Tres Rios, and Miles City Field Offices, none of which are in Wyoming. Pl. Memo., Exs. A, B, C, D, and E, ECF Nos. 100-3, 100-4, 100-5, 100-6, and 100-7. Whatever these documents purport to say about BLM authority, they cannot support an argument that the Secretary's ROD was required to treat them as expressing official positions of the Department. The Secretary was not obliged to give a special explanation as to why he ignored certain field offices and instead followed the settled interpretation of the IBLA.

4872-4548-0826.2

## CONCLUSION

Plaintiffs' Motion should be denied.

Respectfully submitted August 24, 2023.

/s/ *L. Poe Leggette*
L. Poe Leggette (D.C. Bar No. 430136)
Bailey A. Bridges
Baker & Hostetler LLP
811 Main St., Suite 1100
Houston, Texas 77002
Phone: 303.861.0600
Facsimile: 303.861.7805
pleggette@bakerlaw.com
bbridges@bakerlaw.com

Alexander K. Obrecht (CO. Bar No. 46937)
Baker & Hostetler LLP
1801 California Street, Suite 4400
Denver, Colorado 80202-2662
Phone: 303.861.0600
Facsimile: 303.861.7805
aobrecht@bakerlaw.com

*Attorneys for Intervenors-Defendants Continental Resources, Inc. and Devon Energy Production Company, L.P.*

/s/ *Andrew C. Lillie*
Andrew C. Lillie
Mark D. Gibson
HOLLAND & HART LLP
1800 Broadway, Suite 300
Boulder, CO 80302
aclillie@hollandhart.com
mdgibson@hollandhart.com
Phone: (303) 447-7199
Facsimile: (303) 295-5111

*Attorneys for Intervenor-Defendant Anschutz Exploration Corporation*

5

/s/ *Mark Champoux*
Mark Champoux, Bar No. CO00114
Kathleen C. Schroder (*admitted pro hac vice*)
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth St., Suite 500
Denver, Colorado 80202
Phone: 303-892-9400
mark.champoux@dgslaw.com
katie.schroder@dgslaw.com

*Attorneys for Defendant-Intervenor Petroleum Association of Wyoming*

/s/ *Travis Jordan*
Travis Jordan, WSB #7-5721
Senior Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, WY 82002
Phone: (307) 777-7895
Facsimile: (307) 777-3542
travis.jordan@wyo.gov

*Attorney for Intervenor-Defendant State of Wyoming*

4872-4548-0826.2

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of August, 2023, I served a true and correct copy of the foregoing **DEFENDANT-INTERVENORS' JOINT OPPOSITION TO PLAINTIFFS' MOTION TO CONSIDER EXTRA-RECORD EVIDENCE** via the Court's electronic case filing system which will cause the foregoing to be served upon all counsel of record.

*/s/ L. Poe Leggette*
L. Poe Leggette
