UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **POWDER RIVER BASIN RESOURCE COUNCIL,** *et. al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **U.S. DEPT OF INTERIOR,** *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 22-cv-2696 (TSC) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

Plaintiffs Powder River Basin Resource Council and Western Watersheds Project challenged the U.S. Department of the Interior and the U.S. Bureau of Land Management's approval of an oil and gas development project along with hundreds of drilling approvals, claiming that the approvals violated the Administrative Procedure Act ("APA") and several environmental protection statutes. Upon intervening in the matter in support of Defendants, Continental Resources, Inc. ("Continental") and Devon Energy Production Company L.P. ("Devon") filed a crossclaim against Defendants and a counterclaim against Plaintiffs seeking a declaration that Defendants' approvals of their drilling permits were lawful. Defendants and Plaintiffs separately moved to dismiss the crossclaim and counterclaim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Having considered the briefing and the record, the court will GRANT Defendants' Motion to Dismiss Crossclaim, ECF No. 70, and GRANT in part and DENY in part Plaintiffs' Motion to Dismiss Counterclaim and Crossclaim, ECF No. 65. Neither the crossclaim nor the

counterclaim creates an Article III case or controversy, and the court therefore lacks jurisdiction to consider either of them.

## I. BACKGROUND

Plaintiffs, two environmental advocacy groups, initially brought this suit in September 2022, challenging the Converse County Oil and Gas Project, a major new oil and gas development, along with Applications for Permit to Drill ("APDs") that federal agencies approved in the Converse County Project Area. Compl., ECF No. 1 ¶ 1; Am. Compl., ECF No. 44, ¶ 1. Several entities intervened, including Continental and Devon—oil and gas natural exploration and production companies holding several of the challenged APDs. *See* Min. Order, Dec. 30, 2022 (granting several motions to intervene, including Continental's and Devon's). For further background, *see Powder River Basin Res. Council v. U.S. Dep't of Interior*, No. 22-cv-2696, 2023 WL 7298815 (D.D.C. Nov. 6, 2023) (ECF No. 105).

In their Amended Answer, Continental and Devon asserted a counterclaim against Plaintiffs and a crossclaim against Defendants seeking a declaration that Defendants "lawfully issued [their] APDs." Am. Answer, ECF No. 50-1 at 23 (crossclaim); *accord id.* at 20–21 (counterclaim). Plaintiffs moved to dismiss both the counterclaim and the crossclaim, ECF No. 65 ("Plaintiffs' Motion"), and Defendants moved to dismiss the crossclaim, ECF No. 70 ("Defendants' Motion").

On November 6, 2023, the court issued a Memorandum Opinion and several Orders ruling on several additional pending motions—denying Plaintiffs' motion for a preliminary injunction; granting in part and denying in part Defendant-Intervenors' motion to dismiss; and denying Defendant-Intervenors' motion to transfer. *See* ECF Nos. 105–08. Following that disposition, the court requested the parties confer and file a joint status report. Min. Order, Nov. 7, 2023. The parties filed a report on December 1, 2023, reiterating that the motions to

dismiss the crossclaim and counterclaim remained disputed, and requesting a disposition on these motions prior to summary judgment briefing.  *See* Joint Status Report, ECF No. 109.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss any claim for lack of subject matter jurisdiction.  In assessing such a motion, "the Court must accept the allegations of the complaint as true and must construe 'the complaint in the light most favorable to the non-moving party.'"  *Ctr. for Biological Diversity v. Regan*, 597 F. Supp. 3d 173, 186 (D.D.C. 2022) (citation omitted).  That said, because the court has "an affirmative obligation to ensure it is acting within the scope of its jurisdictional authority," the "factual allegations in the complaint . . . will bear closer scrutiny [than those allegations would] in resolving a 12(b)(6) motion for failure to state a claim," *Grand Lodge of Fraternal Ord. of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (quotation marks and citation omitted).

## III.     ANALYSIS

### A. Article III Case or Controversy Requirement

The Constitution grants "judicial Power" over only "Cases" and "Controversies."  U.S. Const. art. III, § 2. This "case or controversy" "requirement ensures the presence of 'concrete adverseness'" in litigation.  *Diamond v. Charles*, 476 U.S. 54, 61–62 (1986).  "The presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself" to create a case or controversy.  *Id.* at 62.

This requirement "is no less strict when a party is seeking a declaratory judgment than for any other form of relief."  *Fed. Express Corp. v. Air Line Pilots Ass'n*, 67 F.3d 961, 963 (D.C. Cir. 1995) ("*FedEx*") (citing *Altvater v. Freeman*, 319 U.S. 359, 363 (1943)).  A case or controversy exists if "the facts alleged, under all the circumstances, show that there is a

substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 964 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

The D.C. Circuit has found no case or controversy in cases where there was no reasonable apprehension of legal action between the parties. In *FedEx*, the Court concluded that there was no reasonable threat of legal action between the parties even though the defendant told the plaintiff it would "take all appropriate action" during labor negotiations. *Id.* at 964–65. Similarly, in *Weaver's Cove Energy, LLC v. Rhode Island Department of Environmental Management*, 524 F.3d 1330, 1333 (D.C. Cir. 2008), the court held that there was no case or controversy where the plaintiff's injury would be caused by a non-party to the claim, rather than the named party, reasoning that "A's injuring B does not create a case or controversy between B and C."

Moreover, legal interests are only "adverse" in a declaratory judgment action if the underlying substantive law underlying the claim places the parties at odds. In *Shell Gulf of Mexico, Inc. v. Center for Biological Diversity*, 771 F.3d 632, 634–35 (9th Cir. 2014), for example, a corporate plaintiff sued environmental groups, seeking a declaration that a federal agency's approval of its oil spill response plans complied with the APA. The Ninth Circuit held that the parties lacked adverse legal interests, since the environmental groups did not have any obligations to the plaintiff under the APA. *Id.* at 636–37. "Put simply," the Court concluded, "the [federal agency] lies at the center of the underlying controversy and is the locus of the adverse legal interests created by the APA. Without its participation, no case or controversy can exist." *Id.* at 636. Adverse legal interests must be just that—*legal*.

**B. Neither the Crossclaim nor the Counterclaim Creates a Case or Controversy**

*i. The Crossclaim*

Defendants motion to dismiss Continental and Devon's crossclaim against them will be granted because the crossclaim fails to create an Article III case or controversy, and the court therefore lacks jurisdiction to consider it.

Continental and Devon claim seek a declaration that Defendants' actions in granting their APDs was lawful.  Am. Answer at 23–24.  In other words, Continental and Devon *agree* that Defendants acted lawfully—their concern is that Plaintiffs will win their suit challenging Defendants' actions, not Defendants' actions themselves.  *See id.* at 25 ("Plaintiffs' allegations in their Complaint create an immediate controversy and have placed great uncertainty on the investments of" Continental and Devon.).  There is therefore no controversy between Continental, Devon, and Defendants.

In response, Continental and Devon attempt to recast Defendants' justiciability argument as a standing argument, claiming that their intervention in the matter shows they have standing. Resp. to Defs.' Mot. to Dismiss, ECF No. 78 at 2–5.  That argument misses the mark.  For one thing, standing is just one "part of . . . what it takes to make a justiciable case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1988); *cf. Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 215 n.5 (1974) ("if no justiciable question is presented no one has standing" (citations omitted)).  For another, that Continental and Devon had standing to intervene in the Plaintiffs' suit against Defendants does not automatically mean they have standing to bring any crossclaim or counterclaim.  Standing "is not dispensed in gross"; rather, "a plaintiff must demonstrate standing for each claim." *Town of Chester v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017) (formatting modified; citations omitted).

Continental and Devon's only argument on adversary legal interests is that "[g]overnment policies and positions can and do change" over time. Resp. to Defs.' Mot. to Dismiss at 5–7. But the possibility that Defendants could change their position and claw back Continental's and Devon's APD approvals at some future point does not create a live case or controversy in the present. In *FedEx*, the defendant could have brought legal action against the plaintiff arising from their labor negotiations, but even defendant's threat to "take all appropriate action" was not enough to create a controversy. 67 F.3d at 964–65; *supra* at 3–4. Here, Defendants *agree* with Continental and Devon's position; consequently, there is no case or controversy.

Plaintiffs also move to dismiss the Intervenors' crossclaim against Defendants. Plaintiffs' Motion at 5–9. Because Defendant's motion to dismiss the counterclaim will be granted, however, Plaintiff's motion will be denied as moot insofar as it addresses the crossclaim.

### ii. The Counterclaim

Plaintiffs also move to dismiss the counterclaim against them, arguing that it fails to identify a statute providing a cause of action; Continental and Devon have no adverse legal interests from Plaintiffs; and the counterclaim is superfluous. The court agrees that the counterclaim too fails to create a case or controversy and will therefore grant Plaintiffs' motion.

Continental and Devon's counterclaim fails Article III's case or controversy requirement for the same reasons the claim in *Shell* did: the agency's approval of Continental and Devon's APDs is the center of the adverse legal interests, and the fact that Plaintiffs disagree with those approvals does not give Continental and Devon adverse legal interests from Plaintiffs. 771 F.3d at 634–37; *supra* at 4. Continental and Devon have not identified—or even tried to identify—

any substantive law conferring on Plaintiffs any obligation to Continental and Devon. Their "practical interest in the outcome of a lawsuit is not necessarily a legal interest capable of satisfying the case or controversy requirement." *Shell*, 771 F.3d at 637; *accord Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170–72 (5th Cir. 1990).

Continental and Devon claim that *Shell* is inapplicable, arguing that, unlike *Shell*, they have standing, the federal agencies are parties to this matter, and they have a "concrete, threatened injury." Resp. to Pls.' Mot. to Dismiss, ECF No. 79 at 6. Even if Continental and Devon are correct that they have standing and a concrete injury, however, none of these distinctions make a difference. *Shell* turned on the lack of a substantive law providing an enforceable legal right to plaintiff against defendant. 771 F.3d at 636–37. So too here; Continental and Devon have not identified a single substantive underlying law upon which their request for declaratory relief is based, let alone one that provides for adverse legal interests.

Continental and Devon rely on *Crossroads Grassroots Policy Strategies v. Federal Election Commission*, 788 F.3d 312, 317 (D.C. Cir. 2015), to argue the court has jurisdiction. Resp. to Pls.' Mot. to Dismiss at 7. But *Crossroads* held that parties that benefit from agency actions that are challenged in court may intervene in those matters, since an unfavorable decision would remove the benefit the agency has conferred on them. 788 F.3d at 317. The court has already acknowledged that here; it allowed Continental, Devon, and other entities to intervene. *See* Min. Order, Dec. 30, 2022. But that intervention does not create a controversy between Plaintiffs and Continental and Devon, and therefore the court lacks jurisdiction to consider the counterclaim.

## IV. CONCLUSION

The court will GRANT Defendants' Motion to Dismiss Crossclaim, ECF No. 70, and GRANT in part and DENY in part Plaintiff's Motion to Dismiss Counterclaim and Crossclaim, ECF No. 65.

Two corresponding Orders will accompany this Opinion.

Date: January 18, 2024

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge